IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASEY CARSON, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO.  09-526-GPM |
| vs. ) | |
| ) | CRIMINAL NO. 06-30135-GPM |
| UNITED STATES OF AMERICA , ) | |
| ) | |
| Respondent/Plaintiff. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1).  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief,  the judge must dismiss the motion."  After carefully reviewing the motion in the present case and the Court's own records, the Court concludes that Petitioner is not entitled to relief; therefore, the motion is dismissed.

### BACKGROUND

On February 2, 2007, Petitioner pleaded guilty to conspiring to transport a child in interstate commerce for illegal sexual activity in violation of 18 U.S.C. §§ 2423(a) and (e) and traveling in interstate commerce for the purpose of engaging in illicit sexual contact in violation of 18 U.S.C. § 2 and § 2423(b).  No written plea agreement was entered between Petitioner and the Government.  Petitioner, however, did sign a written Stipulation of Facts that was filed with the Court under seal

(Doc. 36) (sealed).

On August 13, 2007, Petitioner was sentenced to a total of 540 months imprisonment: 360 months on the conspiracy to transport a child for illegal sexual activity charge and 180 months on the traveling in interstate commerce for the purpose of engaging in illicit sexual contact charge, to be served consecutive to the conspiracy sentence. Petitioner's sentence was affirmed on direct appeal. *United States v. Carson*, Case No. 07-2944 (7th Cir. Aug. 21, 2008). Petitioner did not seek a writ of certiorari to the Supreme Court of the United States.

### DISCUSSION

**A. General Principles**

Relief under § 2255 is "reserved for extraordinary situations." *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). A criminal defendant may attack the validity of his sentence under § 2255 only if

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. However, a § 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). Therefore,

> [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

*Prewitt*, 83 F.3d at 816. The Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a § 2255 motion:

> (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised

>on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*United States v. Belford*, 975 F.2d 310, 313 (7th Cir. 1992) (footnote omitted).

One of the most common methods of raising issues that might otherwise be barred in a § 2255 motion is for a petitioner to claim that counsel was ineffective at trial, at sentencing, or on direct appeal. To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate: (1) deficient performance by counsel and (2) resulting prejudice from that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Precin v. United States*, 23 F.3d 1215, 1218 (7th Cir. 1994). To show this deficient performance by counsel, a petitioner bears the "heavy burden" of showing that counsel's performance fell well outside the range of professionally competent representation. *United States v. Moya-Gomez*, 860 F.2d 706, 763-64 (7th Cir. 1988). In making this assessment, a court must employ a "highly deferential lens, indulging a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *United States ex rel. Partee v. Lane*, 926 F.2d 694, 700 (7th Cir. 1991).

Because he pleaded guilty, Petitioner can establish prejudice only by demonstrating that but for counsel's alleged errors "he would not have pleaded guilty and would instead have insisted on going to trial." *Hill v. Lockharti,* 474 U.S. 52, 59 (1985); *see also Bethel v. United States*, 458 F.3d 711, 716-17 (7th Cir. 2006). Further, "[a] court does not have to analyze both prongs of the *Strickland* test. A [petitioner's] failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) (citations omitted).

Applying these standards to Petitioner's claims, the Court finds that Petitioner is not entitled to the relief sought in this § 2255 motion.

**B. The motion**

In his § 2255 motion, Petitioner raises the following seven grounds for relief: (1) his counsel was ineffective; (2) the prosecutor engaged in misconduct; (3) the prosecutor engaged in selective and/or malicious prosecution; (4) the Court lacked subject matter jurisdiction; (5) Fourth Amendment violations; (6) Fifth Amendment violations; and (7) actual innocence. Petitioner's primary claim – and the one at the center of his ineffective assistance, prosecutor misconduct, malicious prosecution, lack of subject matter jurisdiction, Fifth Amendment, and actual innocence claims – is that he was charged with a "fictitious crime" because he, personally, never engaged in sexual contact with the minor child who was the victim in this case.

In Count 1, however, Petitioner was charged with, pleaded guilty to, and was sentenced for *conspiring* with "B.R" (the child's mother) to transport the child in interstate commerce for illegal sexual activity. Petitioner and "B.R." conspired together if they embraced a common criminal objective, even if they did not participate in every aspect of the crime. *See United States v. Haynes*, 582 F.3d 686, 698 (7th Cir. 2009). The indictment alleged several overt acts that Petitioner engaged in to further the conspiracy. Petitioner's Stipulation of Facts (Doc. 36) clearly evidences that he and "B.R." embraced a common criminal objective to transport a minor child in interstate commerce for illegal sexual activity and that Petitioner engaged in the overt acts charged, even if Petitioner himself did not personally have sexual contact with the child.[1]

With regard to Count 2 – traveling in interstate commerce for the purpose of engaging in illicit sexual contact – Petitioner ignores that he was charged as a principal under 18 U.S.C. § 2.

---

[1] Petitioner, however, did photograph the sexual contact between "B.R" and her minor child. *United States v. Carson,* Case No. 07-2944, slip op. at 2 (7th Cir. Aug. 21, 2008).

Title 18 U.S.C. § 2 provides that:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

In short, Petitioner was charged with "aiding and abetting" the crime and, as such, was fully culpable for it. Petitioner "aided and abetted" the crime of traveling in interstate commerce for the purpose of engaging in illicit sexual contact if he knowingly assisted in the illegal activity and he wanted it to succeed. *United States v. Colon*, 549 F.3d 565, 571 (7th Cir. 2008). Again, Petitioner's Stipulation of Facts (Doc. 36) clearly indicates that he knowingly assisted "B.R." in traveling in interstate commerce for the purpose of engaging in illicit sexual contact and that he wanted that crime to succeed, even if the actual sexual contact occurred only with "B.R.." Accordingly, Petitioner's claim that he was charged with "fictitious crimes" is frivolous, and Petitioner's claims that his counsel was deficient for failing to challenge the "fictitious crimes," that the prosecutor engaged in misconduct by pursuing these charges, that the prosecution was malicious because it pursued "fictitious crimes," that the Court was without subject matter jurisdiction because he was being prosecuted for "fictitious crimes," that his Fifth Amendment rights were violated by the Government's pursuit of "fictitious charges," and that he is "actually innocent" of the crimes (because they are allegedly "fictitious") are dismissed.

Petitioner further contends that his Counsel was ineffective because he "knew without a doubt the [sentences] could not run consecutive." In support of this claim, Petitioner cites United States Sentencing Guideline § 5G1.2(c), which provides:

> If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law.

Contrary to Petitioner's assertion, however, this language clearly states that sentences *can* be run consecutively if the Court determines that the count carrying the highest statutory maximum is inadequate to achieve total punishment. In this case, the Court imposed consecutive sentences "to achieve an adequate total punishment." (Statement of Reasons, Doc. 61) (sealed). Therefore, this claim also is frivolous and is dismissed.[2]

### C. Fourth Amendment claims.

In addition to his claims above, Petitioner's § 2255 motion appears to assert several Fourth Amendment claims. The Court notes that these claims were not asserted by Petitioner in his direct appeal. Consequently, these claims are procedurally defaulted. Petitioner, however, appears to assert that good cause exists to excuse the procedural default because "his counsel refused to include [them] in [the] appeal." Assuming for the sake of argument that appellate counsel's "refusal" to assert Petitioner's Fourth Amendment claims in the direct appeal constitutes sufficient "cause," Petitioner has not suffered any prejudice because these claims are frivolous.

Petitioner was arrested in Detroit, Michigan, on September 28, 2006, after returning from Kuwait City, Kuwait, where he was employed as a federal contractor. Petitioner's arrest was made

---

[2]Even if his ineffective assistance of counsel claims were not frivolous, Petitioner would not be entitled to § 2255 relief. Even assuming counsel's performance was deficient, Petitioner does not allege that, but for those deficiencies, he would not have pleaded guilty but, rather, would have insisted on going to trial on the two charges. To the contrary, Petitioner's motion contends that he "need not show that counsel's conduct . . . affected the outcome of the case." Based on this statement alone, Petitioner's § 2255 motion fails to state an ineffective assistance of counsel claim.

pursuant to an arrest warrant (Doc. 2) issued by this Court on September 27, 2006, after a criminal complaint (Doc. 1), supported by a sworn statement by an agent with Federal Bureau of Investigation, was filed in this Court charging Petitioner with conspiracy to transport a child in interstate commerce for illegal sexual activity in violation of 18 U.S.C. §§ 2423(a) and (e). The complaint was based on Petitioner's alleged conduct from December 28, 2005, to mid-January 2006. On October 5, 2006, an indictment (Doc. 6) was filed charging Petitioner with the two crimes to which he ultimately pleaded guilty. The indictment was based on Petitioner's alleged conduct from August 2005 through March 2006. Because Petitioner's arrest was based on an arrest warrant supported by probable cause, Petitioner's claim that his arrest was in violation of the Fourth Amendment is without merit.

At the time he was arrested, it appears that Petitioner was in possession of several electronic devices. It further appears that these devices were seized and searched pursuant to a search warrant. The search apparently revealed that the electronic devices contained digital images of "B.R." having sexual relations with her minor child and digital images of Petitioner with "B.R.'s" minor child where both Petitioner and the child are undressed. Because Petitioner pleaded guilty, the digital images were never introduced as evidence in Court. Petitioner's § 2255 motion appears to claim that the seizure and search of the electronic devices violated his Fourth Amendment rights. However, because the seizure of the devices occurred incident to Petitioner's arrest, because the search of the devices appears to have been conducted pursuant to a search warrant, and because the digital images were not introduced as evidence in Court (because Petitioner pleaded guilty),

Petitioner's Fourth Amendment claim is frivolous.[3]

Prior to returning to the United States from Kuwait, it appears that Petitioner and "B.R." engaged in several telephone conversations. At the time these telephone conversations occurred, "B.R." was cooperating with federal law enforcement officials. Petitioner contends that these telephone conversations were "recorded without his knowledge." Petitioner further contends that because of these telephone conversations he was "coerced" into returning to the United States. Based on these allegations, Petitioner claims his Fourth Amendment rights were violated.

The electronic interception or recording of conversations with the consent of one party, however, does not violate the Fourth Amendment. *United States v. White,* 401 U.S. 745, 749 (1971). As stated by the Supreme Court, "[i]nescapably, one contemplating illegal activities must realize and risk that his companions may be reporting to the police. If he sufficiently doubts their trustworthiness, the association will very probably end or never materialize. But if he has no doubts, or allays them, or risks what doubt he has, the risk is his." *Id.* at 752. In this case, Petitioner placed his trust in "B.R." As it turns out, "B.R." was cooperating with federal agents and consented to the recording of the telephone conversations. Petitioner's error in trusting "B.R.," however, does not translate into a Fourth Amendment violation.

## CONCLUSION

For the foregoing reasons, none of the grounds presented by the Petitioner entitles him to

---

[3]Again, Petitioner was charged with conspiring to transport a child in interstate commerce for illegal sexual activity and traveling in interstate commerce for the purpose of engaging in illicit sexual contact. He was *not* charged with possessing child pornography. The digital images seized from the electronic devices *may* have constituted evidence of the offenses with which Petitioner was charged, but – given "B.R.'s" cooperation and that of the victim – such images were not the only evidence against Petitioner. Thus, even if the digital images might have been suppressible, the failure to suppress the digital images did not prejudice Petitioner.

relief under 28 U.S.C. § 2255.  Accordingly, the Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) is **DISMISSED**.  The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  01/21/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge